UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00610-JPH-MG |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

In 2001, a jury convicted petitioner Clarence Schreane of one count of being a felon in possession of a firearm. He seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2241. For the following reasons, Mr. Schreane's habeas petition is **denied**.

## I. Procedural and Factual Background

In July 1998, a grand jury returned a one-count indictment against Mr. Schreane charging him with one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Schreane*, No. 1:98-cr-00061-CLC-CHS-1 ("Crim. Dkt."), dkt. 1 (E.D. Tenn.). A jury convicted Mr. Schreane of this offense in January 2001. Crim. Dkt. 30.

Prior to Mr. Schreane's sentencing, a presentence investigation report ("PSR") was prepared. Dkt. 14. The PSR outlined the facts underlying Mr. Schreane's conviction, *id.* at ¶¶ 5-9, and calculated a total offense level of 34, *id.* at ¶ 25. The PSR also summarized Mr. Schreane's prior convictions which included:

  a.  1973 Robbery; Hamilton County, Tennessee; Case # 126570, *id.* at ¶ 28;

  b.  1982 Burglary of a Dwelling by Day; Hamilton County, Tennessee; Case # 151149, *id.* at ¶ 31;

    c. 1982 Burglary of a Dwelling by Day; Hamilton County, Tennessee; Case # 151197, *id.* at ¶ 32;

    d. 1982 Burglary of a Dwelling by Day; Hamilton County, Tennessee; Case # 151201, *id.* at ¶ 33;

    e. 1982 Robbery from a Person; Hamilton County, Tennessee; Case # 153576, *id.* at ¶ 34;

    f. 1983 Grand Larceny; Hamilton County, Tennessee; Case # 152333, *id.* at ¶ 35;

    g. 1983 Second Degree Murder; Hamilton County, Tennessee; Case # 154375, *id.* at ¶ 36;

    h. 1983 Second Degree Burglary; Hamilton County, Tennessee; Case # 154376, *id.* at ¶ 37;

    i. 1997 Aggravated Burglary; Hamilton County, Tennessee; Case # 220443, *id.* at ¶ 43; and

    j. 1997 Aggravated Burglary; Hamilton County, Tennessee; Case # 220395, *id.* at ¶ 44.

Based on his prior convictions, Mr. Schreane was considered an armed career criminal pursuant to U.S. Sentencing Guidelines § 4B1.4, and his criminal history category was VI. *Id.* at ¶ 49. With a total offense level of 34 and a criminal history category of VI, Mr. Schreane's guideline range was 262 to 327 months' imprisonment. *Id.* at ¶ 73.

In October 2001, the court sentenced Mr. Schreane to 327 months' imprisonment to run consecutive to terms of imprisonment imposed in several criminal cases in state court. Crim. Dkts. 57, 59. Mr. Schreane also received a five-year term of supervised release. Crim. Dkts. 57, 59.

Mr. Schreane appealed his conviction and sentence. Crim. Dkt. 58; *see also United States v. Schreane*, 331 F.3d 548 (6th Cir. 2003). On appeal, Mr. Schreane raised the following challenges to his conviction and sentence: "(1) he was denied his Sixth Amendment right to a speedy trial; (2) there was insufficient evidence to support his conviction; and (3) he was denied his Sixth

Amendment right to confront a witness." *Schreane*, 331 F.3d at 551. The Sixth Circuit found no violation of Mr. Schreane's Sixth Amendment right to a speedy trial, concluded that sufficient evidence supported the conviction, and saw no Sixth Amendment error in the admission of a statement of a co-defendant, William Duckett. *Id.* at 553-565.

In November 2004, Mr. Schreane filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Crim. Dkt. 73. He presented several allegations of ineffective assistance of counsel. *Id.* The district court denied this motion as untimely in December 2004. Crim. Dkt. 75.

Mr. Schreane filed a second § 2255 motion in February 2009, again asserting several claims of ineffective assistance of counsel. Crim. Dkt. 81. The district court transferred this successive § 2255 motion to the Sixth Circuit, Crim. Dkt. 85, and the Sixth Circuit denied Mr. Schreane permission to file a second or successive § 2255 motion, Crim. Dkt. 95. While Mr. Schreane's second § 2255 motion was pending, he filed two motions to dismiss the indictment, Crim. Dkts. 87, 89, one motion to produce, Crim. Dkt. 91, and a petition for a writ of mandamus, Crim. Dkt. 93. The district court denied the motions to dismiss and motion to produce, Crim. Dkts. 88, 90, 92, and the Sixth Circuit denied the petition for a writ of mandamus, Crim. Dkt. 97.

Since 2012, Mr. Schreane has filed no less than 15 post-judgment motions attacking his conviction and sentence.[1] *See* Crim. Dkts. 109, 110, 111, 117, 118, 120, 124, 125, 129, 130, 133, 135, 139, 142, 146, 152. In light of all of Mr. Schreane's post-judgment motions, the district court restricted Mr. Schreane's ability to file motions. Crim. Dkt. 156.

---

[1] During this time, Mr. Schreane also filed seven motions for authorization to file a second or successive § 2255 motion. *See* Crim. Dkt. 156 at 2.

Mr. Schreane filed this petition for a writ of habeas corpus in this Court in December 2019.[2] Dkt. 1. He presents three challenges: (1) his § 922(g) conviction is improper in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (2) insufficient evidence supports his conviction; and (3) his conviction should be vacated because the government failed to disclose material exculpatory evidence.[3] Dkt. 2.

## II. Discussion

In this § 2241 petition, Mr. Schreane raises several arguments against the validity of his conviction. The respondent contends that none of these challenges can proceed under § 2241.

### A. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality

---

[2] Mr. Schreane initiated this case after filing three petitions for a writ of habeas corpus under § 2241 in this Court and other district courts. *See Schreane v. Watson*, 2:19-cv-00095-JRS-DLP, dkt. 16 (S.D. Ind.).

[3] The Court understands Mr. Schreane to raise several additional challenges in his reply, including that his *Miranda* rights were violated, the United States made improper statements during opening argument at this trial, and his Sixth Amendment right to confrontation was violated. *See* dkt. 27. The Court will not address these arguments, however, because "arguments raised for the first time in a reply brief are deemed waived." *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012); *see also Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held, however, that arguments made to us for the first time in a reply brief are waived.").

of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[4] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). If a petitioner cannot meet all three conditions, he is not entitled to proceed under § 2241. *See, e.g.*, *Davis*, 863

---

[4] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

F.3d at 964-65 (affirming denial of relief under § 2241 because petitioner could not establish third *Davenport* requirement).

### B. *Rehaif* Claim

Mr. Schreane argues that he was unaware of his status as a felon at the time he was charged with unlawful possession of a firearm and therefore, under *Rehaif*, his conviction is invalid. The respondent argues that Mr. Schreane is not entitled to relief under § 2241 because he cannot satisfy the third *Davenport* factor—the error is grave enough to result in a miscarriage of justice.

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. When evaluating whether the claimed error was grave enough to result in a miscarriage of justice, the Court may consider undisputed portions of the presentence investigation report. *See United States v. Pulliam,* 973 F.3d 775, 781 (7th Cir. 2020)*, as amended* (Sept. 8, 2020) (reviewing failure to include jury instruction regarding whether defendant knew he was a felon at the time he possessed the firearm under plain error standard and concluding that the absence of that instruction, considering the defendant's criminal history, did not seriously affect the fairness, integrity or public reputation of judicial proceedings).

Here, the PSR reflects that at the time of the offense conduct Mr. Schreane had several convictions for which he served more than a year in prison, including a conviction for second degree murder that resulted in a 20-year term of imprisonment. *See* dkt. 14 ¶¶ 28-44. Considering this evidence, Mr. Schreane cannot plausibly argue that he did not know at the time of the charged offense conduct that he had been convicted of an offense punishable by a term of imprisonment exceeding one year. Therefore, the Court agrees that Mr. Schreane cannot show that he suffered a

miscarriage of justice since no reasonable jury could have concluded that the government failed to meet its burden of proving a violation of § 922(g) even after *Rehaif*. Mr. Schreane has not shown a miscarriage of justice and therefore cannot challenge his conviction on this basis under § 2241.

### C. Actual Innocence

Mr. Schreane next contends that he is entitled to relief because newly discovered evidence demonstrates that he is actually innocent of unlawful possession of a firearm. Although the respondent does not address this claim, the record demonstrates that Mr. Schreane cannot proceed under § 2241 because he could present this claim under § 2255(h)(1).

Section 2255(h)(1) allows a petitioner to bring a second or successive § 2255 motion based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The newly discovered evidence presented by Mr. Schreane supports an argument that a jury would not have convicted him of unlawful possession of a firearm.[5]

Specifically, Mr. Schreane's newly discovered evidence consists of affidavits from William Duckett and Margaret Watson. Dkt. 2-1 at 3-4; dkt. 2-1 at 5-7. Mr. Duckett states that he made false statements to police accusing Mr. Schreane of possessing a firearm and that he, Mr. Duckett, kicked the firearm out of the vehicle. Dkt. 2-1 at 3-4. Ms. Watson avers that Mr. Schreane lived in California, not Tennessee, at the time of the offense. Dkt. 2-1 at 5-7.

---

[5] The Court assumes, but does not decide, that the affidavits presented by Mr. Schreane are "newly discovered." It is worth noting, however, that Ms. Watson signed her affidavit in January 2006, almost 14 years before Mr. Schreane filed his § 2241 petition. *See* dkt. 2-1 at 7. It is unclear when Mr. Duckett executed his affidavit. *See* dkt. 2-1 at 4.

Because this newly discovered evidence falls within § 2255(h)(1), Mr. Schreane has not shown that § 2255 is inadequate or ineffective and thus this claim fails to meet the criteria necessary to proceed under § 2241. *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("Inadequate or ineffective means that a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.").

### D. *Brady* Claim

Finally, Mr. Schreane contends that his conviction should be overturned because the government failed to produce a police report prior to his trial in violation of his due process rights as discussed in *Brady v. Maryland*, 373 U.S. 83 (1963). This claim cannot proceed under § 2241, however, because Mr. Schreane has already presented this claim to the district court.

The second *Davenport* condition requires Mr. Schreane to rely on a new rule that was previously unavailable to him. *See Davis*, 863 F.3d at 964. However, Mr. Schreane has repeatedly presented this claim to the district court. *See* Crim. Dkt. 117, 120, 135. He presented this argument to the district court for the first time in August 2012, over seven years before he filed this § 2241 petition. Crim. Dkt. 117. Mr. Schreane does not present any change in the law governing his claim that has occurred since he presented it to the district court.

Because Mr. Schreane's *Brady* claim does not rely on a new rule that was previously unavailable to him, he has not satisfied the second *Davenport* condition with respect to this claim. Mr. Schreane therefore cannot proceed under § 2241.

### III. Conclusion

For the foregoing reasons, Clarence Schreane's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*,

8

865 F.3d 894, 900 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 7/27/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLARENCE D. SCHREANE
17956-074
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov